Ronald W. TELEPO, Jr., Appellant

v.

Todd A. MARTIN; Suzanne McCool; Donna Asure, individually and official capacities; Theresa Merli.

No. 09–3509.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Dec. 17, 2009.

Opinion filed: Dec. 29, 2009.

Ronald W. Telepo, Jr., Bridgeton, NJ, pro se.

Gerard J. Geiger, Esq., Newman, Williams, Mishkin, Corveleyn, Wolfe & Fareri, Stroudsburg, PA, for Todd A. Martin, Suzanne McCool, Donna Asure, and Theresa Merli.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

## OPINION

PER CURIAM.

Ronald W. Telepo, Jr., a state prisoner, appeals an order of the United States District Court for the Middle District of Pennsylvania granting the defendants' motion to dismiss a complaint filed pursuant to 42 U.S.C. § 1983. We will affirm.

On April 14, 2008, and May 12, 2008, Telepo appeared in the Monroe County Courthouse for hearings related to his criminal sentence. In his complaint, Telepo alleged that the defendants, the Monroe County Sheriff and three County Commissioners, failed to provide him with "adequate consultation facilities within the ... County Courthouse." As a result, he was "forced to meet with [his] attorney in the presence of sheriffs['] deputies as well as other inmates within a holding cell area." Because he was not "able to speak privately with his public defender," Telepo claimed that "the public defender was ill prepared to argue the issues ... concern[ing] ... my prior record score[,] which subsequently led to the judge sentencing me to a longer period of incarceration than I should have been sentenced to." Telepo later asserted that "[i]f I was given a more proper area to confer with my Public Defender, (which is challenging the conditions of my confinement), I would have been able to relay information pertinent to a shorter term of incarceration (challenging my sentence and conviction)." As relief, Telepo sought a declaration that the defendants violated his right of access to the courts, an injunction ordering the defendants to provide "an area [in the Courthouse] that permits ... unobstructed and confidential communication [between inmates and] the attorneys assigned to them," and compensatory and punitive damages.

The defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Magistrate Judge recommended that the motion be granted and that the compliant be dismissed with prejudice. Over Telepo's objections, the District Court adopted the Magistrate Judge's

Report and granted the defendants' motion to dismiss. The District Court held that Telepo failed to allege that the defendants' conduct caused an "actual injury," that his claims against the County Commissioners were barred by the doctrine of respondeat superior, that the defendants were entitled to qualified immunity, and that Telepo lacked standing to seek equitable or injunctive relief. Telepo appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's grant of the Defendants' motion to dismiss. *See Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir.2008). We may affirm on any basis supported by the record. *See Fairview Township v. EPA*, 773 F.2d 517, 525 n. 15 (3d Cir.1985).

After considering the record below, we conclude that Telepo's claims are not cognizable in a § 1983 action. Under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487, 114 S.Ct. 2364. In *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Court extended *Heck* and found a claim for declaratory relief not cognizable under § 1983 because it would "necessarily imply the invalidity of the punishment imposed." *Id.* at 648, 117 S.Ct. 1584. *Heck* and *Balisok* foreclose § 1983 claims only in a "narrow subset of actions," where the deprivation of rights is such that it necessarily affects the fact or length of detention. *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir.2002). "[W]henever the challenge ultimately attacks the

'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Id.* at 542.

Telepo initially couched his claims in terms of his First Amendment right of "access to the courts." As the District Court noted, the right to access the courts has typically been applied to "attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated, ... habeas petitions, ... or 'civil rights actions,' *i.e.,* actions under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights.'" *Lewis v. Casey*, 518 U.S. 343, 354, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (internal citations omitted). But Telepo did not claim that he was denied "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 351, 116 S.Ct. 2174. Rather, his claims are based on alleged violations of his Sixth Amendment right to assistance of counsel during the sentencing phase of his criminal trial. *See United States v. Henry*, 447 U.S. 264, 295, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980) ("the Sixth Amendment, of course, protects the confidentiality of communications between the accused and his attorney." (Rehnquist, J., dissenting)); *United States v. Johnson*, 534 F.3d 690, 693 (7th Cir. 2008) (" '[T]he Sixth Amendment guarantees the right to counsel at all critical stages of the prosecution,' and this right is applicable during sentencing hearings." (internal citations omitted)). Telepo's claim, if successful, would "spell speedier release," and therefore "lies at the core of habeas corpus." *Wilkinson v. Dotson*, 544

U.S. 74, 82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (internal quotation and citation omitted); *cf. Perry v. Leeke,* 488 U.S. 272, 278–80, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989) (addressing habeas claim that state trial court's order directing petitioner not to consult his attorney during 15–minute recess violated petitioner's Sixth Amendment right to assistance of counsel).

For the foregoing reasons, this appeal presents no substantial question. *See* I.O.P. 10.6. Accordingly, we will summarily affirm.[1]

---

1. We deny Telepo's Motion for Appointment of Counsel and his Motion for Leave to File a Reply to the Appellees' Response to the Motion for Appointment of Counsel.